UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM RICHARDSON,<br><br>    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>    Defendants. | Case No. 25-cv-08640-RFL<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 7 |

Richardson, a California resident, alleges that he suffered an injury at a Costco location in South San Francisco. He commenced this action in state court against three defendants to recover: (1) Costco, a Washington State corporation; (2) Eddie Bello, a Costco employee who resides in California; and (3) Beth Monroe, another Costco employee who resides in California. Defendants removed the action to this Court based on diversity jurisdiction. Richardson now moves to remand the case back to state court primarily on the basis that Bello and Monroe's presence extinguishes diversity jurisdiction. (*See* Dkt. No. 7 (the "Motion").) For the reasons set forth below, the Motion is **GRANTED**.[1]

Costco does not dispute that Bello and Monroe are California residents. Instead, it argues that the jurisdictional analysis should exclude their California citizenship because they were fraudulently joined as defendants. *See Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112-13 (9th Cir. 2016). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation and quotation marks omitted). Costco selects the second option, arguing that Richardson could never establish his claims against Bello and Monroe. It

---

[1] All citations to page numbers in filings on the docket refer to ECF page numbers.

1

bears "a particularly heavy burden" in succeeding on the argument, and "[t]he action must be remanded if there is *any possibility* that a state court would find that [Richardson] stated a cause of action" against Bello or Monroe. *See Obeso v. Nat'l R.R. Passenger Corp.*, No. 23-cv-02793-SVK, 2023 WL 6278880, at *6 (N.D. Cal. Sept. 25, 2023) (emphasis modified) (citation omitted). Costco does not meet its burden.

Richardson brings claims of general negligence and premises liability. "The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1158 (2016) (citations omitted). "[A] defendant generally does not have an affirmative duty to protect others when he or she has not created the peril or increased the risk of danger." *Moses v. Roger-McKeever*, 91 Cal. App. 5th 172, 178-79 (2023) (citation omitted). Likewise, a "defendant cannot be held liable for the defective or dangerous condition of property which it did not own, possess, or control." *Preston v. Goldman*, 42 Cal. 3d 108, 119 (1986) (citation omitted).

Richardson alleges generally that each of the defendants, including Monroe, "maintained, managed, [and] controlled" the premises at the South San Francisco Costco location "in such a manner that . . . created an unreasonable risk of harm" to him. (*See* Dkt. No. 1-1 at 9; *see also id.* at 10.) Richardson further alleges that each defendant "knew or through the exercise of reasonabl[e] diligence should have known of the condition" of the premises and "failed to repair, protect against, or warn of the condition." (*See id.*)

Costco attempts to counter these allegations with a declaration in which one of its Operations Managers avers that Monroe "did not work at [] Costco's South San Francisco warehouse on [the day in question because that] was [her] day off." (*See* Dkt. No. 1-3 ¶ 7); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (court may consider evidence in evaluating fraudulent joinder). Based on that assertion, it concludes that Monroe could never be liable for Richardson's claims because, on the day in question, she "was not in control of the building," "had no responsibilities," and "could not possibly have known about the allegedly dangerous condition" that caused Richardson's injury. (*See* Dkt. No. 8 at 6.)

Neither side presents evidence as to Monroe's specific employment position in the period leading up to the incident.  (*Cf.* Dkt. No. 1-3 ¶ 6 (identifying Bello as "current general manager" of South San Francisco location and stating he was employed at different Costco location on date of incident).)  Accordingly, it is possible that Monroe's role would have permitted her to maintain, manage, or control the premises in a manner that she knew caused an unreasonable risk of harm, even if the injury to Richardson happened to occur on her day off.  Neither Richardson's allegations nor Costco's evidence forecloses that possibility.  *See, e.g.*, *Nieves v. Costco Wholesale Corp.*, No. 22-cv-00977-JD, 2022 WL 5199904, at *3 (N.D. Cal. Oct. 5, 2022) (rejecting fraudulent joinder argument because, among other things, "[i]t is not self-evident that the acting general manager of the store would have no control over the premises while on vacation" (citation and quotation marks omitted)).  Costco has therefore not met its burden to demonstrate that there is no possibility that a state court would find that Richardson stated a cause of action against Monroe.

In sum, Costco has not shown that Monroe was fraudulently joined.[2]  The jurisdictional analysis thus considers her California citizenship, which destroys diversity.  Accordingly, the Motion is **GRANTED**, and the case is **REMANDED** to the Superior Court for the County of San Mateo.

**IT IS SO ORDERED.**

Dated: December 11, 2025

RITA F. LIN
United States District Judge

---

[2] This Order does not evaluate whether Bello was fraudulently joined.